UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ACHERY NAILON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0798 AS |
| ) | |
| CECIL DAVIS, ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about December 20, 2005, *pro se* petitioner, Achery Nailon, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on September 22, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner is a convicted felon serving a 45-year sentence for murder, imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated at the ISP in this district. He was the subject of a disciplinary proceeding designated as ISP 05-07-0178.

Once again, this court must work through the process of seeking and providing urine specimens for prisoners at the ISP. The matter was heard by a disciplinary committee in or around July 2005. This three-member CAB conducted proceedings and found this petitioner guilty of providing an unadulterated sample. The sanction included a credit time deprivation

of 90 days which implicates the necessary administrative reviews have been had. The complaint by this petitioner included one that the test was improperly conducted; that he was taken out of school because of this case; that his visits were restricted permanently because of this case; and that another similar case of his was dismissed. Obviously these issues must be raised appropriately or they are waived under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). *See also Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). The Attorney General of Indiana in a response filed September 22, 2006 has a valid point that issues two through six raised here have been procedurally defaulted. The CAB made factual determinations with regard to the chain of custody with regard to this urine sample, and those issues of fact cannot be gainsaid here.

Certainly the basic approach to evidence is found in the first instance in *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), but also in a series of cases in this circuit enunciating the rule of "some evidence." There has been compliance here with the procedural demands of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See also Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002). *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). The evidence is more than sufficient under those standards. Likewise the chain of custody has been sufficiently established.

The collateral review envisioned by § 2254 focuses on violations of the Constitution,

treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).  Generally the so-called ADP is a species of state law and is generally not the basis for relief under 28 U.S.C. §2254.  *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

Quite frankly, the argument about his being taken out of school is generally not one that can be pursued under 28 U.S.C. §2254.  If there is any merit to that claim, and this court is not indicating that there is, such would have to be pursued under 42 U.S.C. §1983.  *See Williams v. Wisconsin*, 336 F.3d 576 (7th Cir. 2003).  In regard to the so-called school issue, this court is not convinced there has been a violation of the Fourteenth Amendment of the Constitution of the United States.  This court does not bottom any decision here on harmless error.

Notwithstanding the formal excellence of the presentation made here by this petitioner in his filing of January 22, 2007, such presentation does not disclose an entitlement to relief under 28 U.S.C. §2254, and such relief is now **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  March 12, 2007

S/ ALLEN SHARP  
**ALLEN SHARP, JUDGE**  
**UNITED STATES DISTRICT COURT**